PER CURIAM.
Allie Jo Hester (“Appellant”) appeals from an Order granting a Homeowners’ Association’s (“the Association”) Motion for Partial Summary Judgment of Foreclosure on liability. We reverse.
The instant action arises from a dispute between appellant and the Association regarding repairs to a fence, surrounding appellant’s property, that was damaged as a result of Hurricane Andrew. According to the Association, it made several demands upon appellant to repair the fence. Appellant, on the other hand, claimed that an encroaching concrete block wall erected by the Association prevented her from replacing the wooden fence as originally constructed and as required by the Association’s Declaration of Covenants, Conditions and Restrictions (“the Declaration”), and therefore did not replace the fence.[1]
*836 Accordingly, and pursuant to the authority that it derived from the Declaration, the Association contracted to have the fence on appellant’s property replaced. Appellant refused to repay the Association for the replacement of the fence and incidental costs.[2] Appellant claimed that the fence did not pass final inspection and did not meet building code requirements. Additionally, she alleged, within one month of its installation, the front section of the fence broke away from its support and fell onto her garden. The Association recorded a lien against the property and thereafter filed suit to foreclose the lien. Subsequently, the Association filed a motion for partial summary judgment of foreclosure, which motion was granted. Because genuine issues of material fact exist, we reverse. See Moore v. Morris, 475 So.2d 666 (Fla.1985).
While we agree that the Association was clearly entitled to arrange to have the fence replaced after the appellant refused to have it done herself, and thereafter recover its expenses for doing so, it is clear from the record in the instant case that genuine issues of material fact exist as to whether the fence was properly built in compliance with building code requirements and/or whether it was defective. Additionally,' there is a question as to whether sufficient facts and circumstances existed to have made it necessary for the Association to hire an off-duty police officer to keep appellant from interfering with the construction of the fence or, in the alternative, whether the hiring of the off-duty police officer was done because of an unsubstantiated and unjustified concern on the part of the Association regarding actions they thought appellant might take.
We find that appellant’s argument concerning the encroaching concrete wall is irrelevant to the issue herein in view of the fact that appellant is legally obligated to replace the fence that was damaged during the hurricane. However, this finding is without prejudice to any separate claim that the appellant may wish to maintain regarding her allegation that the concrete wall erected by the Association encroaches on her property-
Accordingly, we reverse the Order grants ing partial summary judgment and remand for further proceedings consistent herewith.

. The Declaration requires that homeowners keep and maintain their unit in "good order, condition and repair, and must perform promptly all maintenance and repair work” within the Unit. The Declaration further states that the homeowner is responsible for any expense incurred as a result.

. The incidental damages involved in the instant case include an off-duty police officer hired by the Association.